A CERTIFIED TRUE COPY
AUG 1 0 2006
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 0 2006

FILED
CLERK'S OFFICE

**DOCKET NO. 1285**

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE VITAMIN ANTITRUST LITIGATION*

*Jim Hood, etc. v. F. Hoffman-LaRoche, Ltd., et al.,* S.D. Mississippi, C.A. No. 3:06-122

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL**

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in a Southern District of Mississippi action. This plaintiff moves the Panel to vacate its order conditionally transferring the action to the District of District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Defendants[1] oppose the motion to vacate and urge inclusion of the action in the MDL-1285 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that this action involves common questions of fact with the actions in this litigation previously transferred to the District of District of Columbia, and that transfer of this action to the District of District of Columbia for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of this action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of District of Columbia was a proper Section 1407 forum for actions involving allegations of a conspiracy to eliminate competition, maintain market control, and raise prices for vitamins and vitamin products in violation of Section 1 of the Sherman Antitrust Act. *See In re Vitamin Antitrust Litigation,* MDL-1285, 1999 U.S. Dist. LEXIS 8599 (J.P.M.L. June 7, 1999). Plaintiff's motion for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

In opposing transfer, plaintiff urges, among other things, that the stage of proceedings of the MDL-1285 actions in the transferee district has reached the point where transfer of this action would

---

[1] Aventis Pharmaceuticals, Inc.; BASF Aktiengesellschaft; Daiichi Pharmaceutical Co. Ltd.; Eisai Co., Ltd.; Eisai Corp. of North America; F. Hoffmann-La Roche Ltd; Hoffmann-La Roche Inc.; sanofi-aventis; and Takeda Pharmaceutical Co. Ltd. Defendants state that only the served defendants are responding to the motion, but do not otherwise specify the identity of the responding defendants.

- 2 -

either cause delay of the MDL-1285 actions or prejudice this plaintiff. But Section 1407 transfer permits all actions sharing questions concerning the same alleged antitrust conspiracy to proceed in one litigation before a single transferee judge who can structure pretrial proceedings in a way that considers all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has occurred or will occur in proceedings in the transferee district. Transfer under Section 1407 will thus have the salutary effect of assigning this action to a judge who is already thoroughly versed in the litigation's issues and who can ensure that pretrial proceedings in both this action and the other MDL-1285 actions will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Thomas F. Hogan for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman