UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIM HOOD,<br><br>                          **Plaintiff,**<br><br>v.<br><br>F. HOFFMAN-LAROCHE, LTD., et al.,<br><br>                          **Defendants.** | Civil Action No. 06-01484 (TFH) |

**MEMORANDUM OPINION**

Pending before the Court is a Motion to Remand filed by Mississippi Attorney General Jim Hood, who seeks to have this lawsuit remanded back to the Chancery Court of Rankin County, Mississippi, where it originally was filed. The Mississippi Attorney General's motion is opposed by three of the ten named defendants in this lawsuit – F. Hoffman-La Roche Ltd., Hoffman-La Roche Inc., and Aventis Pharmaceuticals, Inc. – which jointly assert that they are the only defendants the Mississippi Attorney General properly served with a copy of the Complaint.[1]  (Defs.' Opp'n Br. 4 n.2.)  For the reasons set forth below, the Court will grant the Mississippi Attorney General's Motion to Remand.

---

[1] The other seven named defendants are BASF Aktiengesellschaft, Sanofi Aventis, Takeda Pharmaceutical Co., Ltd., Eisai Co., Ltd., Eisai Corp. of North America, Daiichi Pharmaceuticals Co. Ltd., and John Does.

## BACKGROUND AND PROCEDURAL HISTORY

On January 24, 2006, Mississippi Attorney General Jim Hood filed a Complaint in the Chancery Court of Rankin County, Mississippi, that purported to allege an antitrust conspiracy among the named defendants.[2] With the consent of all defendants, Hoffman-La Roche Inc. removed the case to the United States District Court for the Southern District of Mississippi, Jackson Division. The Mississippi Attorney General immediately moved to remand the case back to the Chancery Court of Rankin County where a separate, but related, case was pending against BASF Corporation.[3] Before the Mississippi Attorney General's motion was resolved,

---

[2] It is no exaggeration to state that the Complaint is so superficially and vaguely drafted that it is nearly impossible to determine what is alleged. Although the Complaint asserts that the defendants violated "the provisions of Mississippi law governing 'Trusts and Combines in Restraint or Hindrance of Trade,'" (Compl. ¶ 5), and "engaged in a conspiracy," (Compl. ¶ 1), the document otherwise is completely devoid of so much as a hint about what the conspiracy entailed. It appears that the first time the nature of the conspiracy was fully disclosed was in the Attorney General's legal brief supporting the remand motion, which states that "[t]he conspiracy . . . consisted of a continuing agreement, understanding, and concert of action among the conspirators to fix prices and allocate markets of vitamins, vitamin premixes, bulk vitamins, and other vitamin products in Mississippi." (Pl.'s Br. 2.)

[3] The Mississippi Attorney General explained in his Motion to Remand that:

> Due to the complexities of the Defendants' illegal monopoly, the Mississippi Attorney General decided he would prosecute the Defendants in separate actions. The Mississippi Attorney General first sued BASF Corporation in the Hinds County Chancery Court on August 31, 2004. [BASF] did not remove the first action, but moved the Court to transfer it to the Chancery Court of Rankin County on November 29, 2004. The Hinds County Chancery Court granted the motion to transfer on February 17, 2005. . . . On January 24, 2005, the Attorney General sued the Defendants in this action in the Chancery Court of Rankin County.

(Pl.'s Br. 3-4.)

however, the Judicial Panel on Multidistrict Litigation ordered the case transferred to this Court for inclusion in the coordinated and consolidated pretrial proceedings for actions that involve alleged antitrust violations related to vitamins and vitamin products.  Consequently, the Mississippi Attorney General's motion seeking remand is now pending before this Court.

## ANALYSIS

28 U.S.C. § 1441(a) permits defendants to remove civil actions from a state court to a federal district court if the federal district court otherwise would have original jurisdiction. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) ("A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally.").  When considering whether removal was proper, courts must construe the removal statute narrowly to avoid federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Moreover, any doubts about the exercise of subject matter jurisdiction will be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).  Ultimately, it is the defendant who bears the burden of proving that removal was soundly taken and, if the defendant fails to do so, the case must be remanded. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); 28 U.S.C. § 1447(c).

The jurisdictional statute the defendants invoked to remove this case provides that federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332.  Accordingly, if this case involves citizens of different states and an amount in controversy exceeding $75,000, then the Court may exercise subject

matter jurisdiction over it and removal will be deemed proper. If, however, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Mississippi Attorney General asserts that remand is warranted because this Court lacks subject matter jurisdiction over the case. Although the parties agree that the amount in controversy meets the requirement imposed by 28 U.S.C. § 1332, the Mississippi Attorney General contends that this lawsuit was filed as a *parens patriae* action on behalf the State of Mississippi, which is not a citizen for the purpose of establishing the diversity of citizenship necessary to exercise subject matter jurisdiction. Consequently, so the Mississippi Attorney General argues, removal was improper notwithstanding that the defendants are citizens of other states. The Mississippi Attorney General also asserts that the Eleventh Amendment to the Constitution bars removal because a state cannot be sued in a federal court.

The defendants oppose remand on the ground that the State of Mississippi is not the real party in interest for the claims that seek compensatory damages on behalf of Mississippi corporations and citizens (referred to collectively as "Mississippi citizens"). The defendants assert that Mississippi citizens are the real parties in interest for those claims. Thus, according to the defendants, the real parties in interest to the lawsuit are (1) Mississippi citizens, (2) the State of Mississippi, and (3) the defendants. The defendants argue that, because Mississippi citizens also are real parties in interest and complete diversity exists between Mississippi citizens and the defendants, the Court properly may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The defendants further argue that, regardless, the Eleventh Amendment is no bar to

jurisdiction because it does not afford immunity from lawsuits commenced by states, versus lawsuits commenced against them.

Because there is no dispute that the amount in controversy is met for the purpose of exercising federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court will focus its attention on determining whether this lawsuit involves citizens of different states. In recognition of the defendants' burden to prove that remand was appropriate, the Court will turn to the contentions raised by them first. To assess the merits of the defendants' contentions, the Court will consider (1) the identity of the real parties to the controversy, (2) whether complete diversity exists among the real parties to the controversy, and (3) if so, whether the Eleventh Amendment bars the Court's exercise of subject matter jurisdiction in any event.

## I. The Real Parties In Interest

The Supreme Court has made clear that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Accordingly, this Court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* The crux of the defendants' argument is that some of the plaintiff's claims involve compensatory damages asserted on behalf of Mississippi citizens who are the real parties in interest for those claims. The defendants point to the Mississippi statutes cited in the plaintiff's Complaint and argue that only individual citizens and corporations are authorized to recover compensatory damages under the statutes. The defendants also argue that the *parens patriae* authority cannot be used to vindicate injuries suffered by individuals.

Last year, the United States Court of Appeals for the Fifth Circuit decided a case that this Court views as instructive with respect to determining the identity of the real parties in interest for this lawsuit.[4]  In *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418 (5th Cir. 2008), the Louisiana Attorney General "filed a lawsuit which it styled as a *parens patriae* action" against multiple corporations for alleged violations of Louisiana's antitrust statute.  536 F.3d at 421-22.  The Louisiana Attorney General alleged that the defendants combined to suppress competition in the insurance industry by fixing the value of insurance policy holders' claims and raising insurance premiums to cover their losses.  *Id.* at 422.  The lawsuit was filed in a Louisiana state court but the defending insurance companies removed the case to the federal district court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which provides federal district courts with original jurisdiction over qualifying class action lawsuits.  In response to the removal, the Louisiana Attorney General moved to remand the case back to the state court where it originally was filed.  *Id.* at 422-423.  After the district court determined that "the real parties in interest were the citizen policyholders" and denied the Louisiana Attorney General's motion to remand, the Louisiana Attorney General appealed to the Fifth Circuit.  *Id.* at 423.

On review, the Fifth Circuit first considered the Supreme Court's decisions in *Hawaii v. Standard Oil Co. of Cal.*, 405 U.S. 251 (1972), and *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592 (1982), which it viewed as "useful in illustrating both the limitations and reach of

---

[4] The Court recognizes that, at least with respect to issues of federal law – such as the question of federal jurisdiction – it should give "close consideration" to the law of the transferor forum, although such law "does not have stare decisis effect in a transferee forum situated in another circuit."  *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1176 (D.C. Cir. 1987).

*parens patriae* actions." *Id.* at 426.  The Fifth Circuit observed that "based on these two cases it is clear that while *parens patriae* actions are not restricted to their common law roots, there are some limitations, particularly when a state is seeking to recover damages for alleged injuries to its economy." *Id.* at 427.  Although the Fifth Circuit agreed that Louisiana's Attorney General had the "statutory and constitutional authority to bring *parens patriae* antitrust actions," the court distinguished the question of authority to bring such actions from the ultimate issue of whether the Louisiana Attorney General was the real party in interest, stating that "[e]ven assuming *arguendo* that the Attorney General has standing to bring such a representative action, the narrow issue before this court is who are the real parties in interest: the individual policyholders or the State." *Id.* at 429.

To determine the real parties in interest, the Fifth Circuit proceeded to analyze the statutes that governed the remedies the Louisiana Attorney General was seeking in the complaint that triggered the lawsuit, which consisted of "forfeiture of illegal profits, treble damages, and injunctive relief." *Id.* at 423.  With respect to the remedy of treble damages, the Fifth Circuit determined that individual policyholders were the real parties in interest because they were the parties intended to enforce the provision of the statute authorizing such damages:

> The text of § 137 of the Monopolies Act, which authorizes the recovery of treble damages, plainly states that 'any person who is injured in his business or property' under the Monopolies Act 'shall recover[] [treble] damages.'  The plain language of that provision makes clear that individuals have the right to enforce this provision.  Accordingly, we agree with the district court and hold that under § 137 the policyholders, and not the State, are the real parties in interest.

*Id.* at 429.  Indeed, the Fifth Circuit rejected the Louisiana Attorney General's contention that, even with respect to the claim for treble damages, Louisiana was the real party in interest because

7

another section of the Monopolies Act authorized the Attorney General to enforce every provision of the Act.  *Id.*  As the Fifth Circuit explained:

> Once again, even assuming *arguendo* that such an interpretation of state law is correct, it does not resolve the central issue in this appeal: whether the 'person who [was] injured in his business or property' – in this case the policyholders – are the real parties in interest.  We have no reason to believe that they are not, especially given that the purpose of antitrust treble damages provisions are to encourage private lawsuits by aggrieved individuals for injuries to their business or property.

*Id.* at 429-30 (citing *Hawaii*, 405 U.S. at 262).  Moreover, acknowledging that the lawsuit also involved a claim for injunctive relief, the Fifth Circuit further commented that "[i]f Louisiana were only seeking that remedy, which is clearly on behalf of the State, its argument that it is the only real party in interest would be much more compelling."  *Id.* at 430.  Accordingly, because the Fifth Circuit concluded that the individual policyholders were the real party in interest for the claims seeking treble damages, the court held that those claims were properly removed to the federal district court pursuant to the Class Action Fairness Act, but indicated that the district court might elect to sever the claim for injunctive relief and remand that claim back to the state court.  *Id.*

Turning to the case at hand, this Court also will consider the statutes that govern the remedies the Mississippi Attorney General is seeking in the Complaint to determine whether the State of Mississippi is the only real party in interest or whether there is another real party in interest, as the defendants maintain.  The last paragraph of the Mississippi Attorney General's Complaint states that he is seeking compensatory damages, statutory damages, and punitive damages, in addition to interest, costs and attorney's fees.  (Complaint 3.)  The Mississippi

Antitrust Act,[5] which is the statute the defendants are alleged to have violated, contains several sections that address damages. The first section, Miss. Code § 75-21-1, mandates fines in the event of a criminal conviction, but that section does not apply to this civil case. At the time this lawsuit was filed, the second section, Miss. Code § 75-21-7, was titled "Penalty for Violation of Antitrust Laws"[6] and mandated a forfeiture penalty in an amount from $100 to $2,000 for every violation of the Mississippi Antitrust Act. That section of the statute also stated that:

> Each month in which such person, corporation or association shall violate this chapter shall be a separate violation, the forfeiture and penalty in such case to be recovered alone by suit in the name of the state on the relation of the attorney general and by the consent of the attorney general suits may be brought by any district attorney, such suits to be brought in any court of competent jurisdiction.

Miss. Code Ann. § 75-21-7 (2007). As the statute made clear, the real party in interest for any forfeiture penalty sought pursuant to Miss. Code § 75-21-7 was the State of Mississippi.

The only other damages provision identified in the Mississippi Antitrust Act is Miss. Code § 75-21-9, which previously was titled "Private Persons and Corporations May Sue"[7] and stated that:

> Any person, natural or artificial, injured or damaged by a trust and combine as herein defined, or by its effects direct or indirect, may recover all damages of every kind sustained by him or it and in addition a penalty of five hundred dollars ($500.00), by suit in any court of competent jurisdiction. Said suit may be brought against one or

---

[5] Miss. Code § 75-21-1 through § 75-21-39.

[6] After this lawsuit was filed, the title was amended to state "Penalty for Violation of Chapter"; however, the substantive text of the statute remains unchanged. Miss. Code Ann. § 75-21-7 (2008).

[7] Like the prior title, this title was amended to state "Recovery of Damages by Private Persons," but no change was made to the substantive text of the statute. Miss. Code Ann. § 75-21-9 (2008).

>more of the parties to the trust or combine and one or more of the officers and representatives of any corporation a party to the same, or one or more of either. Such penalty may be recovered in each instance of injury. All recoveries herein provided for may be sued for in one suit.

Miss. Code Ann. § 75-21-9 (2007). As far as this Court can discern, this is the only compensatory damages provision contained in the Mississippi Antitrust Act.[8] Like the statute in *Allstate Ins. Co.*, this provision of the Mississippi Antitrust Act clearly is intended to be enforced by a private "person or corporation," *i.e.*, an individual (whether natural or corporate), seeking compensation for injuries sustained as the result of violations of the Act. Thus, the defendants are correct that Mississippi citizens, whether natural persons or corporations, are the real parties in interest for any compensatory damages sought pursuant to this provision of the Mississippi Antitrust Act. The Court, therefore, is inclined to agree with the defendants that, at least with respect to compensatory damages, the "persons" who suffered injuries are the real parties in interest for such claims, not the Mississippi Attorney General, regardless of whether the Mississippi Attorney General is acting in a representative capacity on behalf of its citizens.[9] *See*

---

[8] This also is the only basis on which the defendants challenge the Mississippi Attorney General's status as a real party in interest. (Defs.' Opp'n Br. 6-8.)

[9] At this juncture, the Court must remark that the Mississippi Attorney General appears to overlook the distinction between the *parens patriae* doctrine and the concept of the real party in interest. As the Fifth Circuit indicated in *Allstate Ins. Co.*, whether a state's attorney general has standing to pursue an action in a representative capacity as *parens patriae* is an independent inquiry from the question of whether that same attorney general, or anyone else for that matter, is the real party in interest for a particular claim. 536 F.3d at 429. In contemporary legal analyses, the *parens patriae* doctrine is recognized as a concept of standing. *See*, *e.g.*, *Alfred L. Snapp & Son*, 458 U.S. at 601 (describing the doctrine as one of standing); *Oregon v. Legal Svs. Corp.*, 552 F.3d 965, 970 (9th Cir. 2009) ("Generally, a state has been granted standing under the *parens patriae* doctrine in situations involving the abatement of public nuisances, such as global warming, flooding, or noxious gases."); *New Mexico v. General Elec. Co.*, 467 F.3d 1223, 1243 n.30 (10th Cir. 2006) ("The doctrine of *parens patriae* is a standing concept rather than one of

*Allstate Ins. Co.*, 536 F.3d at 429; *see also In re Baldwin-United Corp.*, 770 F.2d 328, 341 (2d Cir. 1985) ("[W]hen the state merely asserts the personal claims of its citizens, it is not the real party in interest and cannot claim parens patriae standing."). The Court's determination is reinforced by the fact that the Mississippi Attorney General asserts that "[l]arge quantities of vitamins are sold directly and indirectly to the citizens of Mississippi[,]" (Pl.'s Br. 2), and "[t]he citizens of Mississippi have been illegally overcharged by purchasing these items containing vitamins[,]" (Pl.'s Br. 3). Accordingly, it is clear that the Mississippi Attorney General "is seeking to recover damages suffered by individual" vitamins purchasers, who are the real parties in interest for the compensatory damages claims. *Allstate Ins. Co.*, 536 F.3d at 429.

## II. Whether Complete Diversity Exists Among the Real Parties In Interest

Because the Court concludes that Mississippi citizens are the real parties in interest for any claims seeking compensatory damages, it therefore follows that their citizenship must be

---

substantive recovery."); *N.E. v. Hedges*, 391 F.3d 832, 836 n.3 (6th Cir. 2004) ("Used in the modern sense, *parens patriae* is '[a] doctrine by which a government has standing to prosecute a lawsuit on behalf of a citizen . . . .'" (quoting BLACK'S LAW DICTIONARY 1137 (7th ed. 1999)); *Connecticut v. Health Net, Inc.*, 383 F.3d 1258, 1261 (11th Cir. 2004) (assessing whether a state had standing to sue as *parens patriae*); *City of Olmstead Falls, OH v. FAA*, 292 F.3d 261, 268 (D.C. Cir. 2002) (acknowledging that the doctrine of *parens patriae* is a "theory of standing"). The concept of a real party in interest for the purpose of testing a court's diversity jurisdiction, however, involves a determination about whether a named party "has a 'real interest' in the suit or, in other words, is a 'real party' to the controversy." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 200 (1990). As defined in Black's Law Dictionary, a real party in interest is a "[p]erson who will be entitled to benefits of action if successful, that is, the one who is actually and substantially interested in subject matter as distinguished from one who has only a nominal, formal, or technical interest in or connection with it." BLACK'S LAW DICTIONARY 1264 (6th ed. 1990). *See also United States v. 936.71 Acres of Land In Brevard County*, 418 F.2d 551, 556 (5th Cir. 1969) ("Whether a person is a real party in interest depends upon his substantive rights, which, in diversity cases and cases like the present one, are determined by state law."). The fact that an attorney general has the authority to proceed as *parens patriae* does not, *ipso facto*, mean that he or she necessarily is the only real party in interest.

taken into account when determining whether diversity of jurisdiction exists for the purpose of exercising subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Accordingly, at this point the Court's diversity calculation must take into account the following parties:  (1) the State of Mississippi acting as *parens patriae* and represented by the Mississippi Attorney General, which, at a minimum, is the real party in interest for the forfeiture and penalty claims, (2) Mississippi citizens who, collectively, are the real party in interest for claims seeking compensatory damages under the Mississippi Antitrust Act and (3) the defendants, who are citizens of states other than Mississippi.  It is established beyond peradventure that the exercise of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity between the parties, "[t]hat is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) (emphasis in original).  Furthermore, "[t]here is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."  *Moor v. Alameda County*, 411 U.S. 693, 717 (1973).  The question, then, is whether Mississippi's lack of citizenship destroys complete diversity and thereby warrants remand.

"Ordinarily, '[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction.'"  *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366 (5th Cir. 2006) (quoting *Texas Dep't of Housing and Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995)).  There is an exception when the state is merely a nominal party, but that is not this case.  *Id.* ("However, if the State is a nominal party with no real interest in the dispute, its

citizenship may be disregarded.").[10]  As a result, although the Court finds that Mississippi citizens are real parties in interest with respect to the compensatory damages claims, the Court nevertheless is constrained to hold that it lacks subject matter jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332 because complete diversity is lacking so long as the State of Mississippi also is a real party in interest.

### III. Eleventh Amendment Immunity

It is a well-established rule of judicial restraint that "'prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision.'" *Jean v. Nelson*, 472 U.S. 846, 854 (1985) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981)).  Because the Court concludes that it may not exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and for that reason remand to the state court is warranted, the Court need not address the contentions raised by the parties about whether the Eleventh Amendment bars

---

[10] The defendants argue that the Fifth Circuit's decision in *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623 (5th Cir. 2002), stands for the proposition that the presence of a state as a party may be disregarded for the purpose of determining whether complete diversity exists pursuant to 28 U.S.C. § 1332. (Def.'s Br. 4 n.3.)  This Court is disinclined, however, to adopt the analysis in *Hussain* because it is dicta offered in a footnote addressing jurisdiction over an "interpleader-like action" subject to 28 U.S.C. § 1441 (involving foreclosure actions against the United States), *see* 311 F.3d at 635 n.46, and, more importantly, it conflicts with the more recent and well-reasoned decisions in *In re Katrina Canal Litig. Breaches*, 524 F.3d 700 (5th Cir. 2008), and *Union Oil Co. of California*, 458 F.3d 364 (5th Cir. 2006), discussed *supra*.  While considering the issue of a state's immunity from removal, the Fifth Circuit noted in *In re Katrina Canal Litig. Breaches* that "it has been long settled that a State is not a person for purposes of diversity jurisdiction.  This, with the long time companion insistence upon complete diversity, made the presence of additional parties aligned with the State irrelevant to federal diversity jurisdiction." 524 F.3d at 706.  Likewise, as indicated above, in *Union Oil Co. of California* the Fifth Circuit indicated that a state's presence as a party destroys complete diversity unless the state is deemed a nominal party, in which case its citizenship may be disregarded.  458 F.3d at 366-67.  Both of these decisions contradict the notion that complete diversity can be established pursuant to 28 U.S.C. § 1332 if a state is the plaintiff and a real party in interest.

removal in this case.

## **CONCLUSION**

     For the foregoing reasons, the Court will grant the Motion to Remand.  An appropriate order accompanies this Memorandum Opinion.

August 4, 2009                                                       /s/ *Thomas F. Hogan*
                                                                         Thomas F. Hogan
                                                                   United States District Judge